IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01198-GPG

BOB ALLEN CUSTARD,

Applicant,

v.

JOHN OLIVER, Warden, ADX Florence Colorado Supermax,

Respondent.

---

ORDER TO SUPPLEMENT PRELIMINARY RESPONSE

---

Applicant, Bob Allen Custard, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the ADX facility in Florence, Colorado. Mr. Custard has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).

On August 4, 2015, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 9) directing the Respondent to file a preliminary response to the Application asserting the affirmative defense of exhaustion of administrative remedies if the government intended to raise the defense. Respondent filed a preliminary response on September 18, 2015 (ECF No. 15) asserting the exhaustion defense. Mr. Custard filed a Reply on November 3, 2015. (ECF No. 19).

The record reflects that on January 14, 2014, Mr. Custard received Incident Report No. 2528127 for “threatening another with bodily harm” (Code 203) (ECF No. 1 at 9). A hearing before a Disciplinary Hearing Officer (DHO) was held on March 20, 2014. (*Id.* at 10). The DHO concluded that Applicant was guilty of Conduct Which Disrupts (Code

299). (*Id.* at 111). Mr. Custard was sanctioned with, *inter alia*, the disallowance of 27 days of good conduct time. (*Id.* at 12). The DHO report was delivered to Mr. Custard on April 28, 2014. (*Id*).

Applicant claims in the § 2241 Application that he was denied due process in connection with the disciplinary conviction. (ECF No. 1 at 3).

In the Preliminary Response, Respondent argues that Mr. Custard failed to exhaust available administrative remedies prior to seeking federal habeas relief because he did not appeal the DHO's decision. (ECF No. 15). Respondent states that before the DHO hearing, Applicant filed a Request for Informal Resolution, a Request for Administrative Remedy, an Appeal to the North Central Regional Office, and an Appeal to the Central Office. (*See* ECF No. 15-1, Declaration of Cassandra L. Grow at ¶¶ 14-16; *see also* ECF No. 15-3 at 71-73; No. 15-4 at 6), all of which were rejected as premature. (*Id.*; *see also* ECF No. 15-4 at 2-4). Mr. Custard was advised at least twice that he could re-submit his filing to the BOP's North Central Regional Office after the DHO hearing. (ECF No. 15-1, Grow Decl. at ¶¶14-15; No. 15-4, at 2-4). Respondent states that the BOP has no record of any grievance filed by Mr. Custard after the DHO hearing on Incident Report No. 2528127. (ECF No. 15-1, Grow Decl. at ¶ 17).

Applicant contends in his Reply that prison officials hindered his efforts to comply with the administrative remedy process. (ECF No. 19 at 5). He argues that he filed a Regional Administrative Remedy Appeal (775169-R1) after the DHO Hearing. Mr. Custard provides a copy of the Appeal, which shows a submission date of "4/04/14," after the March 20, 2014 DHO hearing. (*See* ECF No. 19 at 8). The North Central Regional Office rejected the appeal on April 11, 2014 on the ground that Applicant did not provide a

copy of the DHO Report or identify the charges and date of the DHO action. (*Id.* at 9). The rejection notice further stated that Applicant could resubmit his appeal in the proper form within 10 days of the date of the rejection notice. (*Id.*). Mr. Custard alleges in the Reply that staff did not deliver the rejection notice to him until 13 days later, after the 10-day deadline had passed. (*Id.*).

Although 775169-R1 does not specifically refer to Incident Report No. 2528127, it appears that, contrary to Respondent's assertions in the Preliminary Response, Applicant did file an administrative appeal of the March 20, 2014 DHO decision. Furthermore, Mr. Custard's allegations suggest that prison officials may have hindered his efforts to exhaust his administrative remedies.

Exhaustion of available administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). However, the exhaustion requirement may be excused "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

In addition, it is not clear whether Applicant could have resubmitted his appeal once he received a copy of the DHO report on April 28, 2015. Accordingly, it is

ORDERED that Respondent shall file, **within 21 days of the date of this Order**, a Supplement to Preliminary Response, addressing the issues discussed above.

Dated November 9, 2015, at Denver, Colorado.

BY THE COURT:

______________________________
Gordon P. Gallagher
United States Magistrate Judge