IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01198-GPG

BOB ALLEN CUSTARD,

    Applicant,

v.

JOHN OLIVER, Warden, ADX Florence Colorado Supermax,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Bob Allen Custard, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the ADX facility in Florence, Colorado. Mr. Custard has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging a prison disciplinary conviction. He has paid the $5.00 filing fee.

On August 4, 2015, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 9) directing the Respondent to file a preliminary response to the Application asserting the affirmative defense of exhaustion of administrative remedies if the government intended to raise the defense. Respondent filed a preliminary response on September 18, 2015 (ECF No. 15) asserting the exhaustion defense. Mr. Custard filed a Reply on November 3, 2015 (ECF No. 19), along with a Motion for Sanctions (ECF No. 18). On November 9, 2015, Magistrate Judge Gallagher ordered Respondent to file a Supplement to Preliminary Response (ECF No. 20). Respondent filed a Supplemental Preliminary Response on November 12, 2015 (ECF No. 21).

The Court must construe liberally Mr. Custard's filings because he is not

represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

**I. Factual Background and the Federal Application**

On January 14, 2014, Mr. Custard received Incident Report No. 2528127 for "threatening another with bodily harm" (Code 203). (ECF No. 1 at 9). A hearing before a Disciplinary Hearing Officer (DHO) was held on March 20, 2014. (*Id.* at 10). The DHO concluded that Applicant was guilty of Conduct Which Disrupts (Code 299). (*Id.* at 11). Mr. Custard was sanctioned with, *inter alia*, the disallowance of 27 days of good conduct time. (*Id.* at 12). The DHO report was issued on April 24, 2014, and was delivered to Mr. Custard on April 28, 2014. (*Id*).

Applicant filed a §2241 Application in this Court on June 8, 2015. He claims in the Application that his prison disciplinary proceeding failed to comport with the requirements of procedural due process because: he was denied a meaningful opportunity to prepare his defense; he was not permitted to call witnesses in his defense; the hearing officer was not impartial; and the disciplinary conviction was not supported by "some evidence." (ECF No. 1 at 3-5). Mr. Custard asks the Court to expunge the disciplinary conviction and restore the 27 days of forfeited good conduct time, or, in the alternative, remand the matter for a new hearing that complies with due process. (*Id.* at 6).

Respondent argues in the Preliminary Response and the Supplemental Preliminary Response that Mr. Custard failed to properly exhaust available administrative

remedies prior to filing his § 2241 Application.   (ECF Nos. 15 and 21).

## II.  The Administrative Exhaustion Requirement

Exhaustion of available administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.   See *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures.   See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)); *see also Quintana-Navarette v. Garcia*, No. 09-1330, 361 F. App'x 951, 953 (10th Cir. Jan. 22, 2010) (unpublished).   A "narrow exception to the exhaustion requirement applies if an applicant can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203.   Further, the exhaustion requirement may be excused if prison officials prevent or hinder a prisoner's efforts to exhaust administrative remedies.   See *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (addressing Prison Litigation Reform Act's exhaustion requirement).

The BOP's administrative remedy procedure is set forth in 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." § 542.10(a).   Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.   §§ 542.13 - 542.15.

If a determination by a DHO is at issue, the inmate may appeal the DHO's decision directly to the Regional Director. § 542.14 (d)(2). The appeal must be filed 20 calendar days following the inmate's receipt of the DHO report. §§ 542.14(a), (d)(2); § 542.15(a). Appeal from an adverse decision is to the General Counsel (Central Office). § 542.15(a). When the inmate demonstrates a valid reason for delay, these time limits may be extended. §§ 541.14(b); 542.15(a).

If an inmate fails to comply with the procedural requirements of the administrative remedy procedure, a request may be rejected at any stage of the process. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

"The burden [is] on the government to prove the affirmative defense of exhaustion," *Acosta v. Daniels*, No. 14-1193, 589 F. Appx. 870, 873 (10th Cir. Oct. 30, 2014) (citing *Jones v. Bock*, 549 U.S. 199 (2007)); *see also Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing *Jones*). "Once a defendant proves that [an applicant] failed to exhaust, however, the onus falls on the [applicant] to show that remedies were unavailable to him". . . and [an applicant] should be afforded an opportunity to counter the exhaustion defense." *Tuckel*, 660 F.3d at 1254.

### III.  Applicant's Exhaustion of Available Administrative Remedies.

Before the DHO hearing, Applicant filed a Request for Informal Resolution, a Request for Administrative Remedy, an Appeal to the North Central Regional Office, and an Appeal to the Central Office, all of which were rejected as premature because the DHO hearing had not yet occurred.  (*See* ECF No. 15-1, Declaration of Cassandra L. Grow at ¶¶ 14-16; *see also* ECF No. 15-3 at 71-73; No. 15-4 at 2-4, 6).  Mr. Custard was advised that he could re-submit his filing to the BOP's North Central Regional Office after the disciplinary charge was heard by the DHO.  (ECF No. 15-1, Grow Decl. at ¶¶14-15; No. 15-4, at 2-4).

On April 4, 2014, following the March 20, 2014 DHO hearing, Mr. Custard filed a Regional Administrative Remedy Appeal (775169-R1).  (*See* ECF No. 19 at 8).  The North Central Regional Office rejected the appeal on April 11, 2014 on the ground that Applicant had failed to provide a copy of the DHO Report or identify the charges and the date of the DHO action.  (*Id.* at 9; *see also* ECF No. 21-4 at 3).  The rejection notice further stated that Applicant could resubmit his appeal in the proper form within 10 days of the date of the rejection notice, and asked him to please attach a copy of the DHO Report to confirm that his appeal was timely.  (ECF No. 19 at 9).  Mr. Custard alleges in the Reply that staff did not deliver the rejection notice to him until 13 days later, after the 10-day deadline had passed.  (*Id.*).  Upon his receipt of the rejection notice, Applicant submitted an appeal to the Central Office on April 22, 2014, which was received on April 28, 2014.  (ECF No. 19 at 10; ECF No. 21-4 at 7).  Mr. Custard stated in the appeal that the Regional Office's rejection of his administrative remedy was erroneous because he

did not have to provide a copy of the DHO report and he refused to do so. (ECF No. 19 at 10). The Central Office rejected the appeal and directed Applicant to "follow the directions provided on the Region's Rejection Notice." (ECF No. 21-4 at 7).

Mr. Custard received a copy of the DHO Report on April 28, 2014. (ECF No. 1, at 12). The DHO report advised Applicant that he could "appeal this action through the Administrative Remedy Program within 20 calendar days of the receipt of this report." (*Id.*). Mr. Custard did not file a further administrative appeal upon receipt of the DHO report, nor did he submit a copy of the DHO Report to the Regional Office. (ECF No. 21-1, Declaration of James P. Wiencek, at ¶20; *see also* ECF No. 21-4 (administrative remedy generalized retrieval for administrative remedies filed by Mr. Custard during the period 4/1/14 - 11/2/15)).

**IV. Analysis**

As an initial matter, the Court finds that Mr. Custard's use of the administrative remedy process *before* the DHO hearing was premature because the loss of good time credits did not occur until after the hearing.

Following the March 20, 2014 DHO hearing, Applicant submitted Administrative Remedy 775169-R1 to the Regional Office on April 4, 2014, before the DHO issued a written decision on April 24, 2014. The Regional Office, not knowing whether or not Applicant's appeal of a prison disciplinary action was timely, rejected the appeal because Applicant failed to provide a copy of the DHO report or identify the charges and date of the DHO action. The Regional Office instructed Applicant to resubmit his appeal "in proper form" within 10 days. (ECF No. 19 at 23). The Regional Office also asked Applicant to

provide a copy of the DHO report. (*Id.*).

Applicant argues that prison officials hindered his efforts to comply with the Regional Office's instructions in the rejection notice by failing to deliver the rejection notice to him until after the 10-day deadline for resubmission had passed.   (*Id.*). However, BOP regulations allow an inmate to request an extension of time to submit an appeal "[w]here the inmate demonstrates a valid reason for the delay." 28 C.F.R. § 542.14(b) (2014).   Mr. Custard does not allege, nor does the record reflect, that he requested an extension of time to resubmit his Regional Appeal. *See, e.g.*, *Feuer v. McCollum*, No. 04-3406, 139 F. App'x 928, 931 (10th Cir. July 13, 2005) (holding that inmate failed to exhaust where "he did not seek an extension," even though it appeared he may have been entitled to one due to the delay in his receipt of a response to an administrative grievance).   More importantly, Mr. Custard was not prejudiced by his delayed receipt of the Regional Office rejection notice.   Once Applicant received the rejection notice, he filed an appeal with the Central Office.   The Central Office rejected the appeal and instructed him to comply with the directions provided in the Regional Office's rejection of the April 4, 2014 appeal.   Notably, the Central Office did not reject the appeal as untimely.   Instead, Applicant was afforded another opportunity to cure the deficiency in his Regional Appeal.   Consequently, the Court finds no merit to Applicant's argument that the exhaustion requirement should be excused because prison officials hindered his efforts to comply with administrative remedy procedures.

On April 28, 2014, Mr. Custard received a copy of the DHO report, which informed him that he had 20 days to file an appeal with the Regional Office.   (ECF No. 1 at 12).

However, Applicant did not thereafter resubmit an appeal to the Regional Office, nor did he provide the Regional Office with a copy of the DHO Report, or information concerning the disciplinary charges or date of the DHO hearing.

The administrative remedy record reflects that Mr. Custard was given multiple opportunities to cure the deficiencies in his Regional Appeal, but Applicant failed to do so. As such, the Court finds that Applicant's due process claims were not properly exhausted at the Regional level. See *Woodford*, 548 U.S. at 90 ("[E]xhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits")) (internal quotations and citation omitted); *see also Thornton v. Daniels*, No. 13-1433, 554 F. App'x 762, 766-67 (10th Cir. Feb. 12, 2014) (affirming dismissal of a habeas petition for failure to exhaust where the inmate–among other deficiencies–failed to attach a copy of the DHO report to his Regional Office appeal, or to provide the date of the DHO action and the charges, despite repeated directions to do so).

Furthermore, Applicant has not shown that exhaustion of administrative remedies would have been futile. There is nothing in the administrative record to suggest that the Regional Office necessarily would have denied his DHO appeal on the merits had he complied with the proper procedures by resubmitting his appeal, with either a copy of the DHO report, or information identifying the charges and date of the DHO hearing. S*ee Cantrall v. Chester,* No. 11-3167, 454 F. App'x 679, 681 (10th Cir. Jan. 6, 2012) (unpublished) (rejecting futility argument where petitioner's administrative appeals were rejected due to procedural defects with his filings and petitioner failed to cure the

procedural deficiencies); *see also Staples v. Chester*, No. 09-3267, 370 F. App'x 925, 929-930 (10th Cir. March 31, 2010) (unpublished) (concluding that exhaustion of administrative remedies was not futile where the petitioner's initial appeal was rejected for failure to provide a copy of the DHO decision, which he had not yet received; petitioner was directed to refile the appeal once he received the DHO's decision; and, petitioner failed to resubmit his appeal with a copy of the DHO decision). And, Applicant does not allege that prison officials interfered with any efforts by him to resubmit his appeal following his receipt of the DHO's decision on April 28, 2014, which specifically advised him that he had 20 days to appeal.

Mr. Custard argues that he was not required to submit a copy of the DHO Report in order for the Regional Office to process his appeal because the BOP's administrative remedy procedure, as codified in the Code of Federal Regulation, does not impose such a requirement. (ECF No. 19 at 10). He maintains that it is unreasonable for the BOP to require an inmate to provide a copy of a document to the Regional Office, at the inmate's expense, that is already on file with the BOP. (*Id.* at 8).

A former version of 28 C.F.R. § 541.19 stated that an inmate appealing a DHO decision to the Regional Director should "forward a copy of the DHO report or, if not available at the time of filing, should state in his appeal the date of the DHO hearing and the nature of the charges against the inmate." *See Pinson v. Berkabile*, No. 12-1026, 528 F. App'x 822, 825 (10th Cir. June 21, 2013) (citing 28 C.F.R § 541.19 (effective through July 1, 2010)). However, after July 1, 2010, the Code of Federal Regulations did not contain these specific requirements for DHO appeals. Applicant therefore is correct that at the time he filed his appeal with the Regional Office, the federal regulations did not expressly require him to submit a copy of the DHO decision, or to state the date of the

DHO hearing and the nature of the charges against him.

Respondent represents in the Supplemental Preliminary Response that the BOP has interpreted its administrative remedy procedures to require that an inmate appealing a DHO decision provide a copy of the DHO Report with the appeal. (ECF No. 21 at 11). Mr. Wiencek, a Senior Attorney for the BOP, attests that the North Central Regional Office does not have copies of the ADX's DHO Reports unless a specific report is provided by the inmate who seeks to challenge a prison disciplinary proceeding. (*See* ECF No. 21-1, Wiencek Decl. at ¶ 18).

The Court recognizes that the BOP has not consistently recognized a requirement that a prisoner must submit a copy of the DHO report in conjunction with an appeal of a prison disciplinary proceeding. *Compare* ECF No. 21-1, Wiencek Decl. at ¶ 22 ("In spite of having been directed to do so (in both Administrative Remedy Appeal No. 767552 and 775169), Mr. Custard never submitted an appeal of the DHO report to the Regional Office attaching a copy of the DHO report so that the Regional Office (or the Central Office thereafter) could review and consider the possible merits of his challenge to the DHO hearing"), with *Pinson v. Berkabile*, No. 14-cv-00423-RM (D. Colo. Oct. 1, 2015) (ECF No. 37-2 at ¶¶ 2-4, Declaration of Randal Mitchell, Administrative Remedies Coordinator at ADX Florence, attesting that the ADX does not require a prisoner to have a copy of the DHO report before he can administratively appeal the DHO's determination). Furthermore, in the *Pinson* case, another BOP representative attested that DHO reports are kept in the SENTRY, which is the BOP's national database that includes, *inter alia*, data concerning an inmate's disciplinary history. *See id.* (ECF No. 37-3, at 1-2). Thus, it is unclear from the current record whether the Regional Office can access easily a DHO report issued at any federal correctional institution in the Region.

However, assuming (without deciding) that it was not necessary for Mr. Custard to submit a copy of his DHO report with his Regional Office appeal report, he nonetheless failed to properly exhaust his available administrative remedies. The North Regional Office rejected Applicant's April 4, 2014 appeal not only because he failed to submit a copy of the DHO report, but also because Applicant failed to identify the charges and the date of the DHO action.   It is undisputed that Applicant did not resubmit his appeal at a later date to identify both the charges and the date of the DHO action.

Furthermore, in *Thornton*, neither the district court, nor the Tenth Circuit Court of Appeals, relied expressly on a federal regulation in reaching the conclusion that Mr. Thornton did not comply with the administrative exhaustion requirement because he failed to resubmit his DHO appeal and either, identify the charges and date of the DHO action he was appealing, or, submit a copy of the DHO report. *See Thornton v. Daniels*, No. 13-cv-00960-LTB, 2013 WL 5510762, at **2-3 (D. Colo. Oct. 3, 2013); *Thornton*, 554 F. App'x at 766-67.   Instead, the Tenth Circuit affirmed the district court's order dismissing the action for failure to exhaust available administrative remedies based on Mr. Thornton's failure to comply with the appeal instructions provided by the Regional and Central Offices, in response to Mr. Thornton's November 4, 2011 appeal (Civil Action No. 13-cv-00960-LTB, ECF No. 21-1, at 5, 41).   *See Thornton*, 554 F. App'x at 766-67 ("The record in this case shows that Mr. Thornton failed to comply with the BOP's grievance procedures.").   Notably, 28 C.F.R. § 541.19 (2010) was no longer in effect in April 2011, when Mr. Thornton received an incident report on charges of which he was subsequently convicted by the DHO in June 2011.   (*See* Civil Action No. 13-cv-00960-LTB, ECF No. 1 at 16-18).

Moreover, it is not unreasonable for the BOP to require inmates to submit a copy of

11

the DHO report, along with their Regional Office Appeal, or to identify both the disciplinary charges and the date of the DHO action, so that the Regional Office can determine whether the appeal is timely.   As such, even if Mr. Custard's statement that he was appealing "I.R. 2528127," (ECF No. 19 at 8) was sufficient to notify the Regional Office of the nature of the disciplinary charges, the appeal contained no information about the date of the DHO hearing.   And, at the time Applicant filed his Regional Appeal on April 4, 2014, the DHO decision had not been issued, so even if DHO reports are easily accessible to the BOP Regional Office, there was no report to access.   (See ECF No. 1 at 12, DHO Report issued on April 24, 2014).   A prisoner's "good-faith efforts to comply with grievance procedures" based on an inmate's claim that his interpretation of the procedures was "reasonable" "does not excuse failure to exhaust." *Bridgeforth v. Workman*, No. 10-7059, 410 F. App'x 99, 100-01 (10th Cir. Dec. 9, 2010) (unpublished).

The Court finds and concludes that Mr. Custard failed to exhaust his administrative remedies by refusing to comply with the North Central Regional Office's instructions to either submit a copy of the DHO report, or identify the charges and date of the DHO action, regardless of whether such requirements are specified in the Code of Federal Regulations.   The Court further finds that Applicant has failed to meet his burden to show that exhaustion was futile or that prison officials made an administrative remedy unavailable to him.   See *Tuckel*, 660 F.3d at 1252.

**V.   Motion for Sanctions**

Mr. Custard has filed a Motion for Sanctions (ECF No. 18), in which he asks the Court to sanction the Respondent's attorney and Cassandra L. Grow, a paralegal specialist for the BOP, for misrepresenting his administrative remedy filings to the Court. Specifically, Ms. Grow did not mention in her declaration attached to the Preliminary

Response that Applicant filed an appeal of the disciplinary proceeding with the Regional Office on April 4, 2014, following the March 20, 2014 DHO hearing.  (*See* ECF No. 15-1 at ¶¶12-17 ).

In the Supplemental Preliminary Response, Mr. Wiencek avers that Ms. Grow's failure to address Applicant's post-DHO hearing administrative appeals in the Preliminary Response was due to an inadvertent oversight, and was not an intentional misrepresentation to the Court.  (*See* ECF No. 21-1, at ¶¶ 13, 21).   Further, the Supplemental Preliminary Response includes information concerning Applicant's post-DHO hearing administrative appeals.  (*See* ECF No. 21 at 2; ECF No. 21-1 at ¶¶ 18-19).

The Court finds no record support for Mr. Custard's conclusory assertions that the United States Attorney and Ms. Grow filed a false and misleading pleading with the Court. *See e.g. Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993) (interpreting Fed. R. Civ. P. 11).   Consequently, the motion for sanctions will be denied.

**VI.  Orders**

For the reasons discussed above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant, Bob Allen Custard, on April 10, 2015, is DENIED for failure to exhaust available administrative remedies.   It is

FURTHER ORDERED that Applicant's Motion for Sanctions (ECF No. 18) is DENIED.   It is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the

purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Custard files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED December 17, 2015, at Denver, Colorado.

BY THE COURT:

　s/Lewis T. Babcock　　　　　　　　　　
LEWIS T. BABCOCK, Senior Judge
United States District Court